**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**GERALDINE T. HOBBY,**

 **Appellant,**

**v.**                                                                        **Civil Action No. 2:05cv110**

**BENEFICIAL MORTGAGE CO. OF VIRGINIA, INC.,**

 **Appellee.**

**<u>ORDER and OPINION</u>**

This matter returns to the court following a determination by the bankruptcy court,

expressed in an order entered on June 3, 2005, that the pro se appellant, Geraldine T. Hobby, is

not entitled to proceed in forma pauperis on her bankruptcy appeal.  On June 6, 2005, the

appellant submitted a Motion to Proceed In Forma Pauperis and Financial Affidavit, which this

court treats as an appeal of the denial of in forma pauperis status by the bankruptcy court.  For

the reasons to follow, the court finds that the appellant is not entitled to proceed in forma

pauperis with her appeal.  Accordingly, the court **AFFIRMS** the determination of the bankruptcy

court and **DENIES** the appellant's Motion to Proceed In Forma Pauperis.

I. Procedural History

The procedural history of this appeal is set forth in this court's order of April 14, 2005

and the bankruptcy court's order of June 3, 2005.  The court makes the latter order part of the

record on appeal by attaching a copy to this Order.  There is no need to recite the history of this

appeal in its entirety; however, the following facts are particularly relevant to the appellant's

request to proceed in forma pauperis.

1

In her appeal, the appellant seeks to overturn the January 18, 2005 order of the bankruptcy court that denied the appellant's motion to reconsider the bankruptcy court's order of November 15, 2004.  The November 15, 2004 order granted the appellee's motion for relief from an automatic stay and began the process whereby the appellant's house was foreclosed upon and sold on January 18, 2005.  In short, the appellant seeks to overturn this foreclosure sale.

The appellant filed a pro se notice of appeal to this court on January 24, 2005, but neglected to pay the notice of appeal filing fee of $5.00 and the appeal docket fee of $250.00.  As a result, on March 1, 2005, United States District Judge Robert G. Doumar entered an order requiring the appellant to pay the requisite docket and filing fees no later than eleven (11) days from the date of that order.

On March 10, 2005, the appellant responded with a motion to proceed in forma pauperis, along with the required financial affidavit.  In its order entered on April 14, 2005, the court determined that the motion to proceed in forma pauperis in a bankruptcy appeal should be entertained by the bankruptcy court.  See  Kirby v. Waynesboro Dupont Employees Credit Union (In re Kirby), 1993 U.S. Dist. Lexis 12274, at *1 (W.D. Va. Aug. 27, 1993).  Accordingly, the court, in its April 14, 2005 order, dismissed the appellant's motion to proceed in forma pauperis without prejudice, and referred the motion and the accompanying affidavit to the United States Bankruptcy Judge, the Honorable David H. Adams, for disposition.  The April 14, 2005 order also provided that after this issue was determined by the bankruptcy court, the matter would be returned to this court for such further proceedings as were necessary.

On June 6, 2005, the bankruptcy court issued a memorandum opinion and order in which it determined that the appellant could not proceed in forma pauperis for a number of reasons.

First, the bankruptcy court determined that the appellant did not make the necessary showing that she is unable to pay the required filing and docket fees.  See 28 U.S.C. § 1915(a).  More importantly, the bankruptcy court, relying on its knowledge of the record in the underlying bankruptcy case, determined that the appellant's appeal was not taken in good faith and that the appellant was attempting to prolong the bankruptcy litigation in unmerited fashion.  See 28 U.S.C. § 1915(a)(3).  Finally, the bankruptcy court determined that the appellant's appeal was moot, as her home was sold at a proper foreclosure sale, the very outcome that the appellant was attempting to avoid with her appeal.  See In re March, 988 F.2d 489, 499 (4th Cir. 1993).

On June 6, 2005, the appellant submitted the instant Motion to Proceed In Forma Pauperis and Financial Affidavit.  The affidavit noted that the appellant is currently employed, earning $65.00 a day in intermittent employment as a substitute teacher.  Attached to the affidavit is a statement from the Social Security Administration, indicating that the defendant receives a social security payment of $566.00 per month and a supplemental security income payment of $33.00 per month.  It is the June 6, 2005 motion that the court considers as an appeal of the bankruptcy court's June 3, 2005 order.

## II. Discussion

As the court explained in its order of April 14, 2005, an appeal from the final order of a bankruptcy court is to be taken in the same manner than an appeal in a civil case is taken to the court of appeals from this court.  See 28 U.S.C. § 158(c); In re Kirby, 1993 U.S. Dist. Lexis 12274, at *1.  Just as this court must consider requests to proceed in forma pauperis on appeal in civil cases, so must the bankruptcy court consider whether a bankruptcy litigant may proceed in forma pauperis on appeal to this court.  See In re Kirby, 1993 U.S. Dist. Lexis 12274, at *1; Fed.

3

R. App. P. 24(a).  In acting on the appellant's appeal of the bankruptcy court's denial of her request to proceed in forma pauperis, this court acts in the manner of the court of appeals in reviewing an analogous decision from the district court.  28 U.S.C. § 158(c).

Accordingly, the court reviews the bankruptcy court's denial of in forma pauperis status for abuse of discretion.  See Fromal v. Jackson (In re Fromal), 1995 U.S. App. Lexis 8910, at *2 (citing Collier v. Tatum, 722 F.2d at 653, 656 (11th Cir. 1983)).  As the bankruptcy court correctly acknowledged, the party seeking to proceed in forma pauperis must show, by affidavit, that she is unable to pay court fees and costs.  See id.; 28 U.S.C. § 1915(a).  In reviewing the June 3, 2005 order of the bankruptcy court and the appellant's renewed June 6, 2005 financial affidavit, the court finds no abuse of discretion in the bankruptcy court's determination that the appellant, while having a low monthly income, is able to pay the appeal filing fee of $5.00 and the appeal docketing fee of $250.00.

The affidavit submitted by the appellant on June 6, 2005 indicates that the appellant earns $65.00 a day in the course of her employment as a substitute teacher.  Furthermore, as the bankruptcy court recognized, the appellant receives total monthly social security payments in the amount of $599.00.[1]  Although the appellant lists various monthly debts in her June 6, 2005 affidavit, the court observes that the bankruptcy court discussed and dismissed the impact of many of these debts as having been reduced or charged off.  Accordingly, the court, for these reasons and those stated in the bankruptcy court's order of June 6, 2005, determines that the

---

[1]The bankruptcy court's order of June 3, 2005 revealed a monthly social security payment of $435.00 after deductions.  Attached to the appellant's June 6, 2005 motion and affidavit, however, is a statement from the Social Security Administration, dated June 3, 2005, which indicates that the appellant receives cumulative payments of $599.00.  As this statement is more recent, the court relies on it in determining that the appellant is able to pay the necessary fees.

appellant is able to pay the necessary filing fees such that in forma pauperis status is not

warranted.  See In re Fromal, 1995 U.S. App. Lexis 8910, at *3 (finding that district court did not

abuse its discretion in affirming bankruptcy court's denial of in forma pauperis motion when

applicant received $550 per month in rental income and owned other property).

Beyond a demonstration of poverty, section 1915(a)(3) provides that "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

28 U.S.C. § 1915(a)(3); see also Perry v. Sec. of HUD (In re Perry), 223 B.R. 167, 169 (Bankr.

8th Cir. 1998).  "The bankruptcy court should review any . . . in forma pauperis filing to

determine if it is in good faith."  Valente v. Donahue, 2004 U.S. Dist. Lexis 11786, at *2 (N.D.

Ill. June 25, 2004).

In its order of June 3, 2005, the bankruptcy court reviewed the appellant's history of

uncooperative behavior and her numerous efforts to relitigate settled issues.  The bankruptcy

judge, due to his extensive familiarity with this matter, was well suited both to review the

appellant's financial affidavit and also determine whether the appeal has been brought in good

faith.  See 28 U.S.C. § 1915(a)(3); see also Liles v. South Carolina Dep't of Corrections, 414

F.2d 612, 614 n.1. (4th Cir. 1969) (noting in analogous scenario of appeal from district court to

court of appeals that district court may determine that issues raised on appeal are so frivolous that

appeal would be dismissed in case of nonindigent litigant).

The court has reviewed the record in this case, including the orders of the bankruptcy

court that are the subject of the appeal, and agrees with the bankruptcy court's findings of fact

and conclusions of law with regard to its denial of the appellant's request to proceed in forma

pauperis based on the absence of good faith.  See Adams v. Inman (In re Inman), 218 B.R. 458,

459 (Bankr. 8th Cir. 1998). Due to this certification by the bankruptcy court, the appellant may

not proceed in forma pauperis on appeal. See 28 U.S.C. § 1915.

Finally, the bankruptcy court determined that the appellant's appeal is moot, as her home

was sold at a proper foreclosure sale. "If the debtor fails to obtain a stay, and if the property is

sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly,

the appeal will be moot." Matter of Sullivan Central Plaza, I, Ltd., 914 F.2d 731, 733 (5th Cir.

1990). The court agrees with the bankruptcy court's determination that this appeal is moot

because the subject property has been sold. There simply appears to be no available remedy for

the appellant in view of the sale. See In re March, 988 F.2d at 499 (finding no available remedy

in bankruptcy once foreclosure sale is consummated); Riley v. United States, 2000 U.S. Dist.

Lexis 18609, at *6-7 (W.D. Va. Nov. 30, 2000) (determining that court was powerless to rescind

foreclosure sale and finding no remedy in bankruptcy). It appears to the court that the appellant's

property was sold at a foreclosure sale on January 18, 2005; thus, even if the appellant's claims

had merit, there is no remedy available to her. See In re March, 988 F.2d at 499.

### III. Conclusion

For these reasons, along with the reasons stated in the bankruptcy court's order of June 3,

2005 which have been unchallenged by the appellant, the court **AFFIRMS** the determination of

the bankruptcy court that the appellant is not entitled to proceed in forma pauperis, and **DENIES**

the instant Motion to Proceed In Forma Pauperis. Furthermore, while it readily appears to the

court that the appellant's appeal is without merit and, in any case, moot, the court will not sua

sponte dismiss the appeal at this point without providing the appellant with notice of this

contemplated action and an opportunity to respond.

Accordingly, the court **ORDERS** that the appellant, should she desire to proceed with her bankruptcy appeal, pay the requisite docket and filing fees and demonstrate why her appeal should not be dismissed as moot no later than eleven (11) days from the date of this Order. Should the appellant fail to satisfy either the payment of the necessary fees or establish sufficient reasons for why her appeal is not moot, the court will dismiss this appeal in its entirety at the end of this time period.

The Clerk is requested to send a copy of this Order to the pro se appellant, to all other counsel of record and to the bankruptcy judge.  Additionally, the Clerk is requested to make the June 3, 2005 order of the bankruptcy court an attachment to this Order and part of the record on appeal.

**IT IS SO ORDERED**.

_____/s/_____

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 26th, 2005

## UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

In re:  GERALDINE T. HOBBY,                                    Case No. 03-77578-A

                Debtor.                                    Chapter 13

---

## MEMORANDUM OPINION AND ORDER

---

This matter came before the Court on the Debtor's Motion to proceed in forma pauperis on her appeal of this Court's January 18, 2005 Order denying Debtor's motion to vacate the Order of November 15, 2004 granting Relief from Stay.  Originally, the Debtor filed this motion in the United States District Court where her appeal is to be heard, but that court determined, based on *In re Kirby*, 1993 U.S. Dist. Lexis 12274, *1 (W.D. Va. Aug. 27, 1993), that the Bankruptcy Court was the appropriate court to entertain the motion. While the District Court informed the debtor that it was not necessary for her to re-file her motion, the debtor did re-file it and has since filed three other documents with the Court.[2]

This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b)(2) as a core

---

[2] Debtor filed a second copy of her Motion to Proceed In Forma Pauperis and Financial Affidavit on May 9, 2005, with the additional handwritten title "Further Information on Appeal."  She also filed an "Affidavit of Earnings Social Security" on May 20, 2005 and a document entitled "Waiver of Pro Se Fee and Deeds Attached" on May 23, 2005.  The latter appears completely irrelevant to these proceedings as it contains the most current deed transferring the property from the debtor, by trustee, to the winning bidder at the foreclosure auction, and prior deeds to the property, some with accompanying certificates of satisfaction.

proceeding and under Order of Reference of the District Court.  Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.  After taking the matter under advisement, we make the following

Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On October 30, 2003, the debtor filed her bankruptcy petition under Chapter 13 of the

Bankruptcy Code. On November 13, 2003 Hobby filed her plan, noting mortgage arrearages in

the amount of $3,665.74. No unsecured debt is listed except $1,500 owed to her attorney for

filing her petition.  She listed her income at $1,960.00 per month and expenses of $1,814.00 per

month.  Hobby's plan was confirmed on January 12, 2004.

On July 8, 2004, Beneficial Mortgage filed a Motion for Relief from Stay stating that

Beneficial held a credit line account agreement dated August 12, 1996 in the original amount of

$102,000 at 12.75%.  The balance on that account as of July 8, 2004 was $140,460.76 with post-

petition arrearages totaling $4,313.95, representing missed monthly payments from February

2004 through June 2004.  The motion stated that only four post-petition payments had been

received by Beneficial from the debtor; and only one of those payments was originally

successfully negotiated.[3] Beneficial Mortgage valued the property at $118,000.00, which was the

tax assessed value.

On July 27, 2004 the debtor filed a response to Motion for Relief, claiming she was not

five months delinquent on the account.  A preliminary hearing on Motion for Relief was held on

August 2, 2004.  Given the payment dispute the matter was carried over for a final hearing on

August 31, 2004 to allow the debtor time to identify payments made to Beneficial.  This Court

---

[3] Two "insufficient funds" checks were later paid by Hobby, while a third such check was not.  These three payments were applied to Nov. 03, Dec. 03, and Jan. 04.

9

ruled that relief would be granted if there is a large delinquency.

The debtor finally provided information concerning payments to Beneficial Mortgage at the final hearing, so the Court continued the matter to September 7, 2004 to allow Beneficial to research the debtor's claimed payments.  At the September hearing the parties represented that the Motion for Relief from Stay was settled and that Beneficial Mortgage's attorney, Mr. Melvin Zimm, was going to tender the order to the Court.

On October 7, 2004, Beneficial Mortgage filed a Motion to Compel Entry of Consent Order and/or in the Alternative Entry of Order Granting Relief from Stay.  This motion was heard on November 2, 2004 and was granted after Zimm represented to the Court that Hobby would not allow her attorney, Mr. John Bedi,  to endorse the order to which she had agreed. The Court directed Zimm to submit the order without Bedi's signature, which was entered November 15, 2004.  Mr. Bedi filed a Motion to Reconsider/Rehear the Motion for Relief, which was denied on November 16, 2004.

Beneficial Mortgage scheduled a foreclosure sale for the morning of January 18, 2005. Hobby, acting pro se,[4]  filed a Motion to Vacate Order[5] and to Stop Foreclosure Sale on January 18, 2005 with several exhibits and a Motion to expedite the hearing on that motion.  The Court agreed to hear Hobby's Motion to Vacate on January 18, 2005 at 11:00 A.M.  The foreclosure sale took place the same day, but prior to the hearing.[6]

At the January 18 hearing, the Court stated that it was bound by the entered order granting relief from stay and by the foreclosure sale held that morning.  The Court told Hobby that the

---

[4] John Bedi was still the attorney of record in the case, but refused to file the motion for his client as he later stated he thought it was baseless.

[5] Hobby wanted the November 15, 2004 order granting relief vacated.

[6] At the sale there were ten bidders and the winning bid was $134,000.00.

time to present evidence on the Relief from Stay motion had past and that she should have appealed the November 15, 2004 order within 10 days of it being entered.  She was advised that the November 15, 2004 order was final and that the Court did not have jurisdiction to hear new evidence on the matter.  The Court entered an order denying the Motion to Vacate.

Hobby then began to file the same pleadings repetitively in this Court while pursuing an appeal in the District Court.  On January 24, 2005, the same day she filed her Notice of Appeal, Hobby, again pro se, filed a Motion for Stay of Order Pending Appeal.[7]   Before the Motion could be heard, debtor filed another Motion for Stay of Order Pending Appeal and a Motion entitled "Motion to Stay the Sale, Deed, Titling, Injunctive Hold" on February 11, 2005.  On February 17, 2005, Hobby moved to continue all these matters as she was out of town, and also filed two other motions entitled, "Motion to Include with Evidence" and "Motion to Vacate/Set Aside Judgement/Order [sic] Releasing Automatic Stay and Void the Foreclosure Sale – Summary."   On February 24, 2005, she filed a "Motion to Include Witnesses or Affidavits." These motions were set to be heard on March 1, 2005.  While the Court dismissed several of the the motions as not being properly before the Court,[8] it granted another continuance of the Stay Pending Appeal motions to allow Hobby time to find new counsel, as Bedi had moved for and was granted the right to withdraw as counsel that same day.

Hobby continued filing motions in the interim, such as "Motion to Demand that beneficial/Glasser & Glasser/Att. Zimm Forward the Audit, 'Enforce,'" "Motion to Rehear

---

[7] The title of the motion was actually "Stay Pending Appeal, Fraudulent Intent, Amended Jan. 18,2005, Motion to Reopen, Rehear/Reconsider, Vacate/Set Aside Lift of Stay, Automatic Stay Reinstated and Void the Sale, Confirm Refinance and or Sale by Owner, Injunction Hold Proceedings of the Sale."  The motion had voluminous attachments and was only the first of many such filings.

[8] The Court dismissed those over which it did not have jurisdiction.

Attorney Bedi's Motion to Withdraw Per Client's Request, Inadequate Representation,"[9]

"Motion to Transfer File, Supoena [sic] of Witnesses," and a "Motion to the Court, Attorney

Bedi and Attorney Santoro to have this Case Dismissed not Discharged,"[10] all filed on March 2,

2005.  Hobby filed nine more pleadings, all asking for either continuances, itemized breakdowns,

or stays. Finally, Hobby asked this Court to transfer all matters to the District Court, which this

Court did by order entered March 23, 2005.

## CONCLUSIONS OF LAW

In general, in forma pauperis proceedings in federal court are governed by 28 U.S.C. §

1915.  However, 28 U.S.C. § 1930 limits the application of § 1915 when dealing with bankruptcy

proceedings.  Section 1930(a) reads:  "Notwithstanding section 1915 of this title, the parties

commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the

bankruptcy court…the following filing fees…."  28 U.S.C. § 1930(a)(2004).

However, there has been much controversy and discussion about whether bankruptcy

courts can waive filing fees at all, and if so, which ones may they waive.  *See e.g., In re*

*Fitzgerald*, 167 B.R. 689, 691 (Bankr. N.D. Ga. 1994)(holding that § 1930 prohibits the waiving

of filing fees in any bankruptcy proceeding), *Harris v. M.E.I. Diversified, Inc.*, 156 B.R. 814,

815 (Bankr. E.D. Mo. 1993)(same),  *In re Rogers*, 147 B.R. 16, 17 (Bankr. E.D. Va.

1992)(same); *cf. In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992)(determining that the

bankruptcy court is not a "court of the United States" under § 1915(a) and therefore cannot waive

fees under that statute). *But see In re Brooks*, 175 B.R. 409, 412 (Bankr. S.D. Ala. 1994)(holding

---

[9] Hobby had asked in a previous pleading that Bedi be removed from her case, assented to his removal at the hearing, but then files this motion. After the Court denied her request to rehear Bedi's withdrawal, Hobby filed a "Motion to Clarify Attorney's Obligation."

[10] The debtor received her discharge on February 18, 2005.

that the bankruptcy court is a part of the district court under 28 U.S.C. § 151 and has the authority to rule on in forma pauperis  motions by order of reference), *In re McGinnis*, 155 B.R. 294, 196-97 (Bankr. D.N.H. 1993)(holding that 28 U.S.C. § 157(b), which grants the bankruptcy courts jurisdiction to hear cases under title 11 and enter appropriate orders therein, also authorizes those courts to hear in forma pauperis motions brought by creditors), *cf. In re Fitzgerald*, 192 B.R. 861, 862 (Bankr. E.D. Va. 1996)(holding that the prohibition against waiving fees applies only to the filing of a bankruptcy petition and not other proceedings in bankruptcy court).

This Court is more persuaded by the latter case and finds that Bankruptcy Courts may waive filing fees in bankruptcy proceedings with the exception of fee associated with the filing of a bankruptcy petition.

The scope of § 1915 is very broad and it is within the court's discretion whether to allow a party to proceed in forma pauperis.  *Fitzgerald*, 192 B.R.at 862.   The section in pertinent part states:

> (a) (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> ….
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. §§ 1915(a)(1), (a)(3) (2004).

Upon reading § 1915(a)(1), two threshold requirements are immediately obvious.  First,

13

the party wishing to proceed in forma pauperis must submit a financial affidavit listing all assets, 28 U.S.C. § 1915(a)(1), *Fitzgerald*, 192 B.R.at 863; and, secondly, the party must be *unable* to pay the filing fees.  28 U.S.C. § 1915(a)(1), *In re Fromal*, 1995 U.S. App. Lexis 8910, *2-*3 (4th Cir. 1995), *In re Shumate*, 91 B.R. 23, 26 (Bankr. W.D. Va. 1988).

Additionally, before a party can proceed in forma pauperis on appeal the trial court must certify in writing that the appeal is taken in good faith.  28 U.S.C. § 1915(a)(3), *Burrell*, 150 B.R. at 373 ("[T]he proceedings are, in fact, taken in good faith and are not frivolous or malicious.").


Hobby has not met the threshold requirement that she is unable to pay the filing fees, given her current income of $551.20 per month from Social Security.[11]  The Court acknowledges that the debtor's income is low, but notes that given her current expenses she does have the ability to pay the filing fee.  As for her expenses, the debtor testified that she does not pay rent as she lives with relatives.  She also testified that several of the expenses listed on her financial affidavit filed with this motion are no longer owed.  For example, the water bill listed at $1,200.00 was reduced by a state court and has been paid off, and the power bill listed at $1,000.00 has been reduced to $76.00 as result of financial assistance the debtor received from the Salvation Army and the Lutheran Church.[12]  The only monthly expenses it appears the debtor owes are for food and for gas and maintenance for her automobile.  Finally, while Hobby testified that she has not been able to substitute teach recently in the three cities where she has

---

[11] The letter Hobby filed with the Court lists a monthly payment of $551.20 before deductions.  Hobby testified that she earns $435.00  per month in Social Security.
[12] Additionally, the debtor states in her financial affidavit that she assists her son with his college expenses, but she testified that he is no longer in college.  The only other debt Hobby lists is one to American General in the amount of $2,900.00, but she also notes that there is no monthly payment on this debt as it has been charged off.

done so in the past for various reasons,[13] and that she no longer has rental income, she has not

demonstrated to this Court that she is unable to work and earn income in other ways.  She

presented no evidence to suggest that she is incapable, physically, mentally, or otherwise, of

working and producing income.  Hobby argued to the Court that she should be allowed to forego

the filing fee because she could not afford an attorney,[14] but the debtor misunderstands the

requirement; she must be unable to pay the court fee, not an attorney's fee.  The Court cannot

find that Hobby is unable to pay the filing fee; therefore, under § 1915(a)(1) she may not go

forward in forma pauperis.

Even if the debtor were unable to pay the fee, she would still be precluded from

proceeding in forma pauperis as this appeal is not taken in good faith.  Hobby has been

uncooperative, did not produce any evidence prior to the relief from stay motion being granted,

and has filed numerous pleadings attempting to re-litigate the settled relief from stay issues.[15]

All the while, Hobby has not presented any evidence that she was current on her mortgage and

that relief from stay should not have been granted.  It appears to this Court that this appeal is of

the same vein.  Hobby is attempting to prolong this litigation without merit.   In light of the

record and the history of this case, the Court finds that Hobby is not acting in good faith.

Additionally, Hobby did not timely appeal the relief from stay order entered November

15, 2004.  Given the jurisdictional limitations, she can only appeal this Court's denial of her

---

[13] Ms. Hobby testified that she is unable to substitute teach in Alexandria, Virginia because she would have to reside with her son in Maryland and that the drive is too far to be feasible.  She testified she could not substitute teach in Norfolk, Virginia because a student made a complaint against her that is unresolved.  She also testified that she could not substitute teach in Virginia Beach, Virginia because she would have to explain her recent arrest for allowing tenants to live in a home that had been declared unsafe.

[14] Hobby then contradicted herself and stated that she had contacted an attorney, Anthony Johnson, who was going to help her on a pro bono basis with the criminal and bankruptcy appeal matters.

[15] Hobby continued to do so even after the foreclosure sale of her home had taken place.

Motion to Vacate that November order and not the November order itself.  When the Court ruled

on her motion on January 18, 2005, it was precluded from disturbing the November order, just as

it is now.  Therefore, this appeal can be deemed to be in good faith.

Finally, and perhaps, most importantly, Hobby's appeal is moot as her home was

sold at a proper foreclosure sale. *See In re March*, 988 F.2d 498, 499 (4th Cir. 1993).   "If the

debtor fails to obtain a stay, and if the property is sold in the interim, the district court will

ordinarily be unable to grant any relief.  Accordingly, the appeal will be moot." *Matter of*

*Sullivan Central Plaza, I, Ltd.*, 914 F.2d 731, 733 (5th Cir. 1990);  *see also In re Lashley*, 825

F.2d 362, 364 (11th Cir. 1987) ("When a debtor does not obtain a stay pending appeal of a

bankruptcy court or district court order setting aside an automatic stay and allowing a creditor to

foreclose on property the subsequent foreclosure renders moot any appeal."); *Riley v. U.S.,* Civil

Action No. 5:99CV00004, 2000 U.S. Dist. Lexis 18609, * 6-*7 (W.D. Va. November 30, 2000).

Addressing this issue, the United States District Court for the Western District of Virginia

has noted:

> Even assuming, *arguendo,* that the appellant could establish that both of the
> bankruptcy court's orders permitting the foreclosure to proceed were in
> error, the court is unaware of any adequate relief that could be fashioned in
> bankruptcy.  The court is powerless to rescind the foreclosure sale.  *See*
> Va.Code Ann. § 8.2-328(2) (Michie 1950)  ('A sale by auction is complete
> when the auctioneer so announces by the fall of the hammer or in other
> customary manner').  To do so would be contrary to the public interest
> because it could bridle reliance on orders from bankruptcy courts and inhibit
> bids at auctions.  The court recognizes the interest in finality of orders and
> sales and accordingly, shall not displace the foreclosure sale made in
> reliance on the bankruptcy court's order.  The court has searched in vain for
> the possibility of any other relief that it could fashion in the event that the
> appellant could prevail on his claims.  The court is aware of no appropriate
> remedy, nor does the appellant suggest one. *Furthermore, the Fourth*
> *Circuit has not found a solution either, holding there is no available remedy*

16

> *in bankruptcy once a foreclosure sale is consummated.  See In re March*, 988 F.2d at 499.  Thus, even if the appellant could prevail on his claims, he has no remedy in bankruptcy, thereby rendering his appeal moot.

*Riley*, 2000 U.S. Dist. Lexis 18609, at * 7-*8 (emphasis added).

Hobby's house was sold at a foreclosure sale on January 18, 2005; her appeal is moot.

Therefore, this appeal, once again, cannot be considered taken in good faith.

## CONCLUSION

Based on the foregoing facts and legal conclusions:

1.  The debtor has not proven that she is unable to pay the filing fees associated with her appeal and, therefore, cannot proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1).

2.  The debtor has not proceeded in good faith with her appeal in that the ultimate point of her appeal is moot.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 3, 2005

_____/s/_____
DAVID H. ADAMS
United States Bankruptcy Judge

Copies to:
Geraldine T. Hobby
Melvin R. Zimm, Esq.

17